E-FILED 1/22/16
LINK MOTION#18 (02/08 HRG OFF)
JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HERSHEY COMPANY; HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>URBAN STASH SPOT CLOTHING, INC.; JERMARIO FIELDS,<br><br>Defendants. | Case No. 5:15-cv-2176 -PSG<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Date: February 8, 2016<br>Time: 1:30 p.m.<br>Court Room: 880<br><br>Before: Hon. Philip S. Gutierrez |

# FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs The Hershey Company ("Hershey Company") and Hershey Chocolate & Confectionery Corporation ("Hershey Chocolate") (together, "Hershey") commenced this action by filing a Complaint against Urban Stash Spot Clothing, Inc. ("Urban Stash") and Jermario Fields ("Fields") (together, "Defendants") for (1) Trademark Infringement Under 15 U.S.C. § 1114, (2) Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125(a), (3) Trademark Dilution Under 15 U.S.C. § 1125(c), (4) Trademark Dilution Under Cal. Bus. & Prof. Code § 14247, and (5) State Law Unfair Competition and Trademark Infringement.  Defendants have defaulted on the Complaint.  Hershey has now moved for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).  Having considered the motion, declarations, memorandum of points and authorities, and all other pleadings and files in this action, the Court finds:

## DEFENDANTS' DEFAULT

1. This action is brought by Hershey against Defendants under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and state law.

2. The Court has subject matter jurisdiction over Hershey's federal-law claims under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338(a) and (b).  The Court has subject matter jurisdiction over Hershey's state-law claims under 28 U.S.C. § 1367 and, because the amount in controversy exceeds $75,000 exclusive of interest and costs and there is complete diversity of citizenship, under 28 U.S.C. § 1332.  This Court has personal jurisdiction over Defendants, and Defendants were properly served.

3. Defendants have failed to answer the Complaint or otherwise defend themselves in the action.  Accordingly, Defendants are in default.

4. Urban Stash is a corporation and is not an infant, it has not been declared incompetent, and it is not currently in the military or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

5. Fields is not an infant, has not been declared incompetent, and is not currently in the military or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

6. The motion for entry of default judgment was properly served on Defendants.

**ENTRY OF DEFAULT JUDGMENT IS APPROPRIATE**

7. "Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

**The JOLLY RANCHER Trademarks**

8. Huhtamaki Finance B.V. ("Huhtamaki") owns valid, subsisting and existing federal trademark registrations as summarized in the table below.

| Mark | Reg. No. | Goods & Services | Registration Date |
|---|---|---|---|
| JOLLY RANCHER | 1684586 | Candy (Class 30) | 4/28/1992 |
| JOLLY RANCHER | 1923904 | Candy (Class 30) | 10/03/1995 |
| JOLLY RANCHER | 3613727 | Pet toys (Class 28) | 4/28/2009 |
| JOLLY RANCHER | 3738162 | Earphones (Class 9) | 1/12/2010 |
| JOLLY RANCHER | 4220144 | Cosmetics; Fragrances (Class 3) | 10/09/2012 |
| JOLLY RANCHER | 4240666 | Frozen confections (Class 30) | 11/13/2012 |
| JOLLY RANCHER | 3310864 | Soft drinks, namely carbonated soft drinks (Class 32) | 10/16/2007 |

| | | | |
|---|---|---|---|
| JOLLY RANCHER | 4355550 | Flavored and sweetened gelatins (Class 30) | 6/18/2013 |
| JOLLY RANCHER | 3289124 | Chewing gum; bubble gum (Class 30) | 9/04/2007 |
| JOLLY RANCHER | 3480388 | Lip balm; lip gloss (Class 3) | 8/05/2008 |
| JOLLY RANCHER | 3480440 | Nail polish (Class 3) | 8/05/2008 |
| JOLLY RANCHER CRUNCH 'N CHEW | 4010389 | Candy (Class 30) | 8/09/2011 |

9. Hershey Chocolate is the exclusive (even as to the licensor) worldwide licensee of the JOLLY RANCHER trademarks. Hershey Chocolate has sublicensed The Hershey Company the right to use the JOLLY RANCHER trademarks. Huhtamaki has authorized Hershey Chocolate to enforce its rights to the licensed marks.

10. Huhtamaki also enjoys valid and subsisting common law rights to the JOLLY RANCHER trademarks as a result of its licensees' extensive, continuous, and exclusive use of the marks throughout the United States to identify JOLLY RANCHER products.

11. In addition to candy, Hershey and its licensees have used the JOLLY RANCHER trademarks in connection with shirts and other apparel, pillows, nail polish, candles, and headphones.

12. Hershey's JOLLY RANCHER brand products have been widely advertised and sold throughout the United States for many years with hundreds of millions of dollars of sales annually. The JOLLY RANCHER trademarks have become famous within the meaning of 15 U.S.C. § 1125(c).

## INJUNCTIVE RELIEF IS APPROPRIATE

13. Hershey has built highly valuable goodwill and a strong reputation with respect to the JOLLY RANCHER trademarks.

14. Hershey has invested substantial efforts to establish the JOLLY RANCHER trademark as a wholesome, family-friendly brand.

15. Defendants' products and advertising are centered on glorifying gang culture and drug abuse.

16. Defendants advertise clothing bearing the JOLLY RANCHER trademark as "sponsor joggers" and "sponsor shirts." Defendants' use of the term "sponsor" is an express assertion of sponsorship by the JOLLY RANCHER brand further heightening the likelihood of confusion caused by Defendants' conduct.

17. Defendants use the JOLLY RANCHER trademark in contexts that glorify gang culture and drug abuse.

18. Hershey is irreparably harmed from such conduct in that it loses the ability to control its brand and reputation. Consumers may view the sale of Defendants' clothing bearing the JOLLY RANCHER trademark as an endorsement by the owner of the JOLLY RANCHER trademark of drug abuse or gang culture. Moreover, consumers viewing Defendants' products may associate the JOLLY RANCHER trademark with gangs and drug abuse, rather than with the wholesome image Hershey has invested substantially in creating and maintaining for its brand. The harm to Hershey is particularly egregious given that Defendants are tying JOLLY RANCHER to a brand that promotes drug abuse on products made specifically for children and not just merely adults. There is no adequate remedy at law that can restore Hershey for this harm to its ability to control its brand and reputation.

19. Hershey is also irreparably harmed with no adequate remedy at law from such conduct in that (1) any flaws in Defendants' products will be attributed to Hershey, even though Hershey has no control over these products; (2) Hershey's

famous mark will lose its distinctiveness from Defendants crowding the market with identically labeled products; and (3) the mark would lose its significance as a mark when purchasers learn to ignore the mark as a source identification.

20. An injunction is also necessary because Defendants continue to infringe and dilute the JOLLY RANCHER trademark. Indeed, Defendants have repeatedly continued to market and sell apparel with the JOLLY RANCHER trademark after telling Hershey representatives that they have stopped infringing.

21. The balance of hardships on entering an injunction is decidedly in Hershey's favor.

22. The public interest in preventing consumer confusion will be served by entering an injunction.

## OTHER FACTORS FAVORING ENTRY OF DEFAULT JUDGMENT

23. As described above, Hershey will suffer irreparable harm, absent entry of a default judgment.

24. Hershey has not sought any monetary damages on default judgment.

25. Because the well-pleaded facts of the Complaint are taken as true, there is no possibility of a factual dispute.

26. There is no likelihood that Defendants' default was the result of excusable neglect.

27. Defendants' default makes a decision on the merits impractical, if not impossible.

## ORDER AND PROHIBITED PRACTICES

THEREFORE, IT IS HEREBY ORDERED THAT:

A. Hershey shall have judgment in its favor against Defendants.

B. Defendants and their officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with Defendants and all those in privity or active concert or participation with any of the foregoing (including without limitation each advertiser, publisher, manufacturer,

distributor or reseller of Defendants' products), and all those who receive actual notice by personal service or otherwise are enjoined:

      i. from using on or in connection with any products or in any other medium or manner whatsoever, for any purpose, (a) the JOLLY RANCHER mark, or any other mark, name or designation that is confusingly or substantially similar to the JOLLY RANCHER mark or that dilutes the JOLLY RANCHER mark; and (b) any version of the JOLLY RANCHER logo, or any other mark or trade dress confusingly similar thereto or dilutive thereof;

      ii. from stating, implying, or suggesting in any way that plaintiffs or the JOLLY RANCHER brand or any other of plaintiffs' brands have sponsored, endorsed, or authorized any product made, advertised, distributed, or sold by Defendants; and

      iii. from otherwise competing unfairly with Hershey.

C. Defendants shall immediately recall from all chains of distribution and disable all internet access to all goods, product packaging, product displays, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by Defendants of which would violate the injunction herein requested;

D. Defendants shall immediately take down any online material that displays the JOLLY RANCHER trademark or any similar mark, whether in pictures or in text, including, but not limited to, on the Urban Stash website, Facebook, Instagram, and other social media websites, eBay, and any other website;

E. Defendants shall immediately cease all advertisement, distribution, and sales of any products using the JOLLY RANCHER trademark or any similar mark on all websites, social media accounts and other channels, including, but not limited to, the Urban Stash website, Facebook, Instagram, eBay, and any other website;

F. Defendants shall immediately cease all advertisement, distribution, and

sales of any products using the JOLLY RANCHER trademark or any similar mark in any offline channel;

G. Defendants shall immediately deliver up for destruction to counsel for Hershey any and all goods, product packaging, product displays, promotional materials, advertisements, commercials and other items in the possession, custody, or control of Defendants which, if sold, displayed, or used, would violate the injunction herein granted;

H. Defendants shall immediately disable all web sites to the extent they contain any content, the display or use of which would violate the injunction herein requested;

I. Pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendants shall serve upon plaintiffs within thirty (30) days after service on Defendants of an order granting an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with this Final Judgment and Permanent Injunction.

Failure to comply with this order may subject Defendants to civil and criminal penalties, payment of attorney's fees, and other penalties and relief.

**IT IS SO ORDERED.**

Dated: 1/22/16

PHILIP S. GUTIERREZ
_____
Hon. Philip S. Gutierrez
UNITED STATES DISTRICT JUDGE